UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria D'Amaro,

Plaintiff,

v.

Dr. J. Joyce, Dr. Swedlund, and the Mayo Clinic,

Defendants.

Civ. File No. 00-1821 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendants' Motion for Summary Judgment. Plaintiff is pro se. The Court held a hearing on Defendants' Motion on May 16, 2001, at which Defendants appeared through counsel and Plaintiff appeared by telephone. For the reasons that follow, the Court will grant Defendants' Motion.

**BACKGROUND**

Plaintiff Maria D'Amaro, a resident of New York, had a series of surgeries at the Mayo Clinic ("Mayo") in Rochester, Minnesota, in the early to mid-1990s. These surgeries included a complete nasal reconstruction and other reconstructive surgeries. Her first surgery was in 1992. Prior to the surgery, she underwent a pre-surgical medical exam, which included a chest x-ray. The x-ray revealed a slight abnormality in Plaintiff's pulmonary artery, but the results were not so severe as to warrant postponing the scheduled procedure. In 1994, Plaintiff again scheduled surgery at Mayo. Once again, Plaintiff underwent the pre-surgical exam, including a chest x-ray and an electrocardiogram. These tests also revealed

FILED MAY 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D MAY 24 2001
DEPUTY CLERK

an abnormality in Plaintiff's pulmonary artery. The individual Defendants, Drs. Joycc and Swedlund, evaluated the tests and determined that the results did not dictate a postponement of the surgical procedure. It is undisputed that neither Dr. Joyce nor Dr. Swedlund had any contact with Plaintiff after 1994. In 1995 and 1996, Plaintiff had two more procedures at Mayo. Neither required the intensive pre-surgical exam, and no chest x-rays or electrocardiograms were performed.

Plaintiff brought this suit on August 1, 2000, alleging that she was never told of the cardiac abnormalities revealed by the pre-surgical exams. She claims that Mayo and the two physicians were negligent in failing to inform her of these abnormalities, which she contends are devastating and life-threatening.

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enterprise Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Defendants' Motion for Summary Judgment is premised on their contention that Plaintiff's claims are outside the statute of limitations for medical malpractice claims. Until August 1999, Minnesota used a two-year statute of limitations for medical malpractice claims. Minn. Stat. § 541.07(1). In 1999, that statute of limitations was increased to four years. Minn. Stat. § 541.076(b). However, the extension was not made retroactive, and the four-year statute of limitations does not apply to claims that accrued prior to the effective date of the new limitations period, which is August 1, 1999. See, e.g., Gomon v. Northland Family Physicians, Ltd., 2001 WL 436136 (Minn. Ct. App. May 1, 2001); Lang v. Minneapolis Clinic of Neurology, Ltd., No. 99-1428 (PAM/JGL) (D. Minn. June 2, 2000). For the purposes of determining which statute of limitations to apply, it makes no difference when a claim was filed with the Court. The determining event is when a claim accrued, that is, when the negligence giving rise to the claim allegedly occurred.

Because the new statute of limitations is not retroactive, all medical malpractice claims arising out of alleged negligence that occurred before August 1, 1999, must be

brought within two years of the acts of negligence. Here, even assuming that Plaintiff is correct and she was under the continuing care of Mayo and its physicians from 1992 until 1996, the last date on which any negligence on the part of Mayo or its physicians could have occurred is September 26, 1996, the day Plaintiff was discharged from Mayo for the last time. Thus, Plaintiff's claims should have been brought before September 27, 1998. Her claims were not brought until August 1, 2000, almost two years later than this date. The claims are therefore untimely.

The Court has no doubt that the allegations Plaintiff makes in this case are serious, and that Plaintiff truly believes that she has been the victim of malpractice. However, the Court is without jurisdiction to hear claims brought outside the statute of limitations, and thus Plaintiff's claims must be dismissed.

**CONCLUSION**

Plaintiff's malpractice claims are untimely. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Clerk Doc. No. 11) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 23, 2001

Paul A. Magnuson
United States District Court Judge

2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995